# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

BOBBY GENE MILES,

    Petitioner

v.

    Case No.: 3:16-cv-01089-RDP-JHE

WARDEN STRICKLAND and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA,

    Respondents

## MEMORANDUM OPINION

This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1), filed on July 5, 2016. On July 7, 2016, the court entered an order directing Petitioner to show cause in writing why his petition should not be dismissed as successive under 28 U.S.C. § 2244. (Doc. # 4). On July 18, 2016, Petitioner responded to the court's show cause order and argued that his petition was not successive. (Doc. # 5). One August 8, 2016, in response to Petitioner's application pursuant to 28 U.S.C. § 2244(b)(3)(A), the Eleventh Circuit denied Petitioner's application for leave to file a second or successive petition. (Doc. # 6).

This court lacks jurisdiction to consider a second or successive petition which has not been authorized for filing by the court of appeals. 28 U.S.C. § 2244(b)(3)(A); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (finding the district court was obligated to dismiss unauthorized second or successive petition as it lacked jurisdiction). In his petition, Petitioner challenges his sentence in Colbert County Circuit Court for third-degree robbery, for which he was sentenced to thirty years in prison. However, he previously filed a writ of habeas corpus in this court on March 19, 1998, challenging the same conviction. *Miles v. Mitchem, et al.*, 2:98-cv-00644-RBP-RRA. The court denied that petition on the merits, and on June 25,

2001, the Eleventh Circuit affirmed the decision of the district court. *Id.* (*see* Docs. # 47, 51, 52, 60).

In this action, the Eleventh Circuit found that Petitioner's claim does not satisfy the statutory criteria for granting his application to file a second or successive petition. (Doc. # 6 at p. 3). And, indeed, Petitioner does not allege a claim of constitutional error, nor does he offer any explanation as to why he did not raise his claim (to the extent it differs from his previous petition) in his original 1998 habeas petition. 28 U.S.C. § 2244(b)(2)(A); (b)(2)(B)(i). To the extent that Petitioner alleges the existence of newly discovered evidence, his petition challenges his sentence, not the underlying conviction, which is fatal to his request for habeas relief. *See* 28 U.S.C. § 2244(b)(2)(B)(ii); *In re Dean*, 341 F.3d 1247, 1248 (11th Cir. 2003).

Petitioner has failed to establish the statutory pre-condition to the filing of his petition, and this court is without subject matter jurisdiction to consider the petition. Without the Eleventh Circuit's authorization to entertain this second or successive petition, this court lacks the jurisdiction to do so. Accordingly, it is **ORDERED** that the claim for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in the above-styled cause be and hereby is due to be denied and dismissed without prejudice. A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this May 2, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE